UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| J.K.E., <br><br> By her next friend, Terry Elledge <br><br> v. <br><br> Anthony Keck, in his Official Capacity as the Director of the South Carolina Department of Health and Human Services; and the South Carolina Department of Health and Human Services <br><br> Defendants. | C/A No.: 0-11-cv-02154-TMC <br><br><br> **ORDER OF APPROVAL** |

The parties to the action have reached a settlement in this matter and a proposed Order of Approval was jointly submitted to the Court for review and approval as required by Local Civil Rule 17.02.

**AGREEMENT TO SETTLE**

**WHEREAS**, this action was filed on behalf of Plaintiff J.K.E., a severely disabled and incompetent adult, by her father and next friend Terry Elledge, seeking declaratory judgment and injunctive relief. Plaintiff's claims arose from the reduction in J.K.E's MR/RD Medicaid Waiver community-based services, namely her Personal Care II hours which were reduced from 60 hours per week to 28 hours per week. Plaintiff alleged that without these services provided in the community, she would have to seek services in an institutional setting. She alleged that she is a

1

qualified individual with a disability affecting one or more major life activities, community services were appropriate, Defendant Department of Health and Human Services (DHHS) is a public entity, and Defendants' failure to provide the Personal Care II services placed Plaintiff at risk of institutionalization. Plaintiff alleged she is appropriate to live in the community, wants to live in the community, and that Defendants can reasonably accommodate her living in the community. Finally, Plaintiff alleged that the reduction in her community services violated both Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12132, *et seq.* and Section 504 of the Rehabilitation Act of 1973 (Section 504), 29 U.S.C. § 794, *et seq.* The complaint was for declaratory and injunctive relief and did not allege liability for damages nor request damages on behalf of the Plaintiff. Defendants have denied all liability in this matter.

**WHEREAS** the parties are all properly represented by counsel, this matter is properly before the Court, no questions exist as to misjoinder or nonjoinder of parties, and the Court has jurisdiction over the subject matter and the parties.

**WHEREAS** counsel for the Plaintiff performed the following services on behalf of the Plaintiff:

- Investigated and researched the matter and prepared a case plan
- Prepared the Complaint, the amended Complaint, and documents relating to the filing and serving of both
- Prepared the Motion for a Preliminary Injunction and Temporary Restraining Order with supportive documents
- Prepared the Rule 26.01 Initial Disclosures
- Prepared documents relating to scheduling and other jointly prepared reports and documents
- Reviewed documents filed by the Defendants including the Answer

- Prepared documents relating to Discovery, including Interrogatories and Requests for Production of Documents
- Negotiated a settlement granting the relief requested in the complaint
- Other tasks related to the execution of the law suit

**WHEREAS** counsel for Plaintiff expresses the opinion that this settlement is fair and reasonable.

**WHEREAS** this case does not involve a claim for personal injury.

**WHEREAS** the parties desire to resolve the federal litigation by compromise, and in consideration of the terms, the mutual obligations, promises and commitments set forth herein, and for such other good and valuable consideration as set forth in the parties' settlement agreement, the sufficiency of which are hereby acknowledged by the parties, the parties, intending to be legally bound, agree, as follows:

A. IN CONSIDERATION of an agreement to dismiss the federal litigation, Defendants agree to authorize the following MR/RD Medicaid Waiver services for J.K.E.:

- The parties agree that J.K.E. shall be authorized to receive 60 hours of Personal Care II (PC II) services and 6 hours of Personal Care I (PC I) services weekly and 40 hours of hourly respite services monthly;
- The parties further agree that any other Medicaid services and MR/RD Medicaid Waiver services may be provided or adjusted as needed by DHHS personnel in the normal course of providing such services. Any reduction, termination, or suspension of a Medicaid service is subject to an administrative appeal or other legal action, as in the normal course of providing such services;

3

- The authorization of PC I and II services and respite services is subject to review in accordance with DHHS policies and procedures. DHHS will be allowed to review, in the normal course of providing services, Plaintiff's continued need for the services. However, absent a change in circumstances, Plaintiff will continue to receive a minimum of 60 hours of PC II services and 6 hours of PC I services per week and 40 hours of respite services per month. A "change in circumstances" includes Plaintiff's medical condition improving, Plaintiff moving to a residential setting, or a change in the federal Medicaid law which would require a change in her services. If Plaintiff's medical condition deteriorates or Plaintiff's informal support system changes, her services may be increased pursuant to the normal course for increases in Medicaid services. Absent a change in circumstances, Plaintiff will not be subject to a determination that she needs fewer hours of PC I and II services or fewer respite hours nor will a flat cap on PC II services be implemented against her.

B.   <u>No Admission of Wrongdoing</u>.  The execution of this Agreement is not to be construed as an admission of liability by any party of the matters set forth in the federal litigation or state administrative appeal and that the parties deny any liability of whatsoever kind and nature relating to the federal litigation or pending administrative appeal. However, the parties agree that Defendants will not seek recovery from Plaintiff for any PC II services provided to Plaintiff during the administrative appeal or this case. Under this agreement, Defendants will not lose any entitlement to recover for Medicaid services provided to Plaintiff from Plaintiff's estate, if such recovery is allowed by federal and state law.

C.   <u>Capacity to Bind</u>:  The parties agree that Terry Elledge is the proper person to bring this appeal on behalf of his adult daughter, J.K.E. Pursuant to S.C. Code Ann. § 44-66-30 (A)(5)

(1976), Mr. Elledge has authority to make health care decisions for J.K.E.. The parties agree that the continuance of Medicaid waiver services for J.K.E. in her home is a health care decision and that an appeal of a proposed reduction of her Medicaid benefits is part of the responsibility of a health care decision maker.

PROTECTION AND ADVOCACY FOR PEOPLE WITH DISABILITIES, INC.

s/ Sarah G. St. Onge
Sarah G. St. Onge, Fed. I.D. No. 9875
3710 Landmark Drive, Suite 208
Columbia, South Carolina 29204
Telephone: (803) 217-6706
Facsimile: (803) 790-1946
E-mail: stonge@pandasc.org

Attorney for the Plaintiff


RILEY POPE & LANEY, LLC

s/ Damon C. Wlodarczyk
Damon C. Wlodarczyk, Fed. I.D. No. 9487
Post Office Box 11412
Columbia, South Carolina 29211
Telephone: (803) 799-9993
Facsimile: (803) 239-1414
E-mail: damonw@rplfirm.com

Attorneys for the Defendants

*Signature Block of Legal Representative on Next Page*

I have read the foregoing proposed Order of Approval of Settlement and consent.

_Terry D. Elledge_ (signed)  　　　　　　　　　　　　　 7/9/2012
Terry Elledge　　　　　　　　　　　　　　　　　　　　　Date
Natural father and next friend of J.K.E

Having found that the parties have satisfied the requirements of Local Civil Rules 17.02 and 17.03,

IT IS HEREBY ORDERDED, ADJUDGED AND DECREED that the Court approves the amount to be paid to counsel for the Plaintiff and further orders that the settlement set forth above is APPROVED and this case is hereby DISMISSED.

                                                                                      s/Timothy M. Cain
                                                                                     Timothy M. Cain
                                                                                    United States District Court Judge

August 6, 2012
Anderson, South Carolina